**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 12, 2009

Charles R. Fulbruge III
Clerk

No. 09-30092

LATONJA DAVIS, individually and on behalf of Ebony Sherise Davis;
ALBERT DAVIS, individual and on behalf of Ebony Sherise Davis

Plaintiffs-Appellants

v.

CITY OF BUNKIE; GERARD MOREAU; MARY FANARA,

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:06-CV-1266

Before REAVLEY, JOLLY, and WIENER, Circuit Judges.

PER CURIAM:[*]

Plaintiffs-Appellants LaTonja Davis and Albert Davis, individually and on behalf of their minor child, Ebony Sherise Davis, appeal the district court's summary judgment dismissal of their 42 U.S.C. § 1983 and state law negligence

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

and respondeat superior claims against Defendants-Appellees the City of Bunkie, its mayor (Gerard Moreau), and its police chief (Mary Fanara), solely in their official capacities. The Davises' claims are based on the illegal sexual relationship that developed between their minor daughter and a Bunkie police officer, who is not a party to this appeal or to the underlying motion.

"As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Kentucky v. Graham,* 473 U.S. 159, 166, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985). The Davises' federal claims are grounded in allegations that a policy or custom attributable to the City resulted in harm to their daughter. Their state law claims are grounded in the allegedly negligent supervision and investigation of the police officer who pursued the illegal relationship with their daughter, as well as vicarious liability for his actions. Having heard the arguments of counsel, and having reviewed the record on appeal and the applicable federal and state law, we reach the same conclusions as did the district court. Therefore, the judgment of that court is, in all respects, AFFIRMED.